# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVXNETWORKS, INC., <br><br>        Petitioner, <br>   vs. <br> GERICOM AG, <br><br>        Respondent. | CASE NO. 04cv2537 WQH (WMc) <br><br> **ORDER** |

HAYES, Judge:

The matters before the Court are (1) the Motion to Stay Enforcement of Judgment Ordering Arbitration Pending Appeal (Doc. # 49) filed by Respondent Gericom AG, and (2) the Motion for Advisory Opinion (Doc. # 53) filed by Petitioner Divxnetworks, Inc.

**Background**

On March 13, 2004, Divxnetworks, Inc. ("DivX") and Gericom AG ("Gericom") entered into an "OEM Consumer Electronics License Agreement" ("License Agreement"), the purpose of which was to allow Gericom to incorporate DivX's intellectual property in Gericom's consumer electronics. *Renewed Petition to Compel Arbitration,* p. 2.  The License Agreement contained an arbitration clause which provides in part: "In case of any dispute, controversy, default or claim relating to or arising from this Agreement, it shall be settled by the Parties through discussions and negotiations in good faith.  Failing to settle the dispute, the Parties agree to submit such dispute to arbitration to be held in San Diego, California in accordance with the Arbitration Law of the United States." *Id.*  During the

1  summer of 2004, a dispute arose between the parties regarding the interpretation and
2  performance of the License Agreement.  After exchanging numerous communications in an
3  attempt to settle the dispute, DivX sent Gericom a "Notice of Intent to Arbitrate."  *Id*.
4    On December 20, 2004, DivX filed a "Petition for Orders Respecting Foreign
5  Service, Compelling Arbitration and Appointing Arbitrator."  (Doc. # 1).  On January 29,
6  2007, DivX filed a "Renewed Petition for Order Compelling Arbitration and Appointing
7  Neutral Arbitrator" ("Renewed Petition").  (Doc. # 26).  On August 7, 2007, the Court
8  granted the Renewed Petition, finding that the parties had a valid agreement to arbitrate,
9  that the exercise of personal jurisdiction over Gericom was proper, and that the forum
10 selection clause in the License Agreement was valid.  (Doc. # 42).  On August 31, 2007,
11 the Court ordered the parties to arbitrate their dispute, appointed the Honorable Dickran
12 Tevrizian to serve as the arbitrator, and dismissed this action.  (Doc. # 45).  On September
13 4, 2007, the Clerk entered judgment ordering the parties to arbitrate the dispute and
14 dismissing the action.  (Doc. # 46).  On October 2, 2007, Gericom filed a "Notice of
15 Appeal as to Clerk's Judgment" with the Ninth Circuit Court of Appeals.  (Doc. # 48).
16   On October 10, 2007, Gericom filed the "Motion to Stay Enforcement of Judgment
17 Ordering Arbitration Pending Appeal" ("Motion to Stay").  (Doc. # 49, 50).  Gericom
18 moves the Court to stay enforcement of the September 4, 2007 Judgment compelling
19 arbitration while it seeks Ninth Circuit review of this Court's decision to compel
20 arbitration.
21   On October 19, 2007, DivX filed the "Motion for Advisory Opinion."  (Doc. # 53).
22 DivX moves the Court to issue an advisory opinion that if given the opportunity by the
23 Ninth Circuit, the Court would vacate the September 4, 2007 Judgment and amend its
24 August 31, 2007 Order to provide that this action is stayed pending arbitration rather than
25 dismissed.
26
27
28

## Discussion

**I. Motion to Stay**

Gericom moves the Court to stay enforcement of the September 4, 2007 Judgment ordering the parties to arbitrate their dispute pending its appeal "in order to preserve the status quo and permit it to seek review of the matter by the Ninth Circuit, free of the obligation to submit to what it believes to be an invalid agreement to arbitrate." *Mot. to Stay,* p. 1. Gericom contends that it will likely succeed on the merits of its appeal asserting that, contrary to this Court's findings in its August 7, 2007 Order, the agreement to arbitrate is invalid, the exercise of personal jurisdiction over Gericom is improper, and the forum selection clause in the License Agreement is unenforceable. Gericom contends that it will suffer irreparable harm if the stay is denied because the appeal will be moot, any right to appeal meaningless and it will incur the expenses of an unnecessary arbitration if forced to arbitrate before its appeal is heard. Gericom contends that the only harm to DivX if the stay is granted is some delay to the arbitration pending Gericom's appeal, which is minimal. *Id.* at 13. Gericom contends that a stay has no adverse impact on the public interest and also "serves international commerce by making clear that parties to international agreements will be on equal ground rather than on terms most favorable to parties with unlimited assets." *Id.* at 13-14.

DivX opposes Gericom's Motion to Stay on grounds that Gericom is "exceedingly unlikely to prevail on its appeal" because it "merely recycles" arguments that this Court already rejected in its August 7, 2007 Order; that Gericom will not suffer irreparable injury because incurring costs of arbitration in San Diego does not constitute harm given that Gericom agreed to arbitrate in Southern California; and that a stay would result in harm to DivX and to the public because unnecessary delay of the arbitration process is disfavored and contrary to the federal policy of promoting efficient and inexpensive arbitration of disputes. *Opposition to Mot. to Stay,* p. 1.

The district court retains jurisdiction over a matter being appealed "during the pendency of an appeal to act to preserve the status quo." *Natural Res. Def. Council, Inc. v.*

*Southwest Marine Inc.,* 242 F.3d 1163, 1166 (9th Cir. 2001). Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the [district] court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). The court considers four factors in exercising its discretion to stay an injunctive order pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). Courts do not rigidly apply the success on the merits factor because a rigid application would require the district court "to conclude that it was probably incorrect in its determination on the merits." *Protect Our Water v. Flowers,* 377 F. Supp. 2d 882, 884 (E.D.Cal. 2004). The success on the merits factor is satisfied when a tribunal has "ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained." *Himebaugh v. Smith,* 476 F. Supp. 502, 510 (C.D.Cal. 1978) (quoting *Washington Metropolitan Area v. Holiday Tours,* 559 F.2d 841, 844 (D.C. Cir. 1977). An applicant cannot demonstrate irreparable injury by simply asserting that he may be required to undergo the time and expense of an unnecessary arbitration because "the party objecting to arbitration might well suffer no harm at all, irreparable or otherwise, for the arbitration panel might decide in its favor," an arbitration award is not self-enforcing, and "any arbitral award obtained by the party seeking arbitration will have no preclusive effect in a subsequent confirmation or vacatur proceeding as long as the objecting party has reserved its right to a judicial, rather than arbitral, determination of arbitrability." *Camping Constr. Co. v. Dist. Council of Iron Workers,* 915 F.2d 1333, 1349 (9th Cir. 1990).

The likelihood of success on the merits factor weighs against Gericom because Gericom's appeal involves questions of contract formation and interpretation, personal jurisdiction, and forum selection, none of which are "admittedly difficult" or novel. *See*

1  *Himebaugh,* 476 F. Supp. at 510.  Gericom has failed to demonstrate irreparable injury
2  because its assertion that it will incur the time and expense of an unnecessary arbitration
3  does not constitute irreparable injury.  *See Camping Constr. Co,* 915 F. 2d at 1349 ("The
4  district court's principal error lies in its assumption that unnecessarily undergoing
5  arbitration proceedings constitutes irreparable injury.  That is simply not the case.").
6  Although DivX and the public have a general interest in the expeditious and efficient
7  resolution of disputes, considerations of DivX and the public interest do not weigh heavily
8  in favor of either party.  *See Himebaugh,* 476 F. Supp. at 511.  The Court therefore
9  concludes that Gericom is not entitled to a stay pending arbitration.

## II. Motion for Advisory Opinion

11     DivX moves the Court to vacate its September 4, 2007 Judgment and amend its
12  August 31, 2007 Order to provide that this action is stayed pending arbitration rather than
13  dismissed.  DivX contends that the Court should have stayed the matter pending arbitration
14  because a stay is an unappealable interlocutory order whereas a dismissal is appealable.
15  DivX contends that "there is no indication that the Court was aware that its dismissal of the
16  action would result in an appealable order," and that "there is no indication that the Court
17  sought to issue a ruling contrary to Congress' goal of moving the parties out of court and
18  into arbitration as quickly as possible."  *Mot. for Advisory Opinion,* p. 4, 5.  DivX contends
19  that although the Court presently lacks jurisdiction to vacate the September 4, 2007
20  Judgment and modify the August 31, 2007 Order because the Judgment is currently on
21  appeal, the Court can and should "issue an advisory opinion indicating that it would, if
22  given the opportunity, amend its August 31, 2007 Order to provide that this matter is
23  stayed, not dismissed, pending arbitration, and accordingly vacate its September 4, 2007
24  Judgment."  *Id.* at 7.

25     Gericom opposes the Motion for Advisory Opinion on grounds that federal district
26  courts may not issue advisory opinions, and that there are no mistakes or exceptional
27  circumstances that justify vacating the September 4, 2007 Judgment.  Gericom also
28  contends that if the Court grants the Motion to Stay, it should also stay the Motion for

Advisory Opinion. *Opposition to Mot. for Advisory Opinion,* p. 3.

Section 16 of the Federal Arbitration Act governs appellate review of arbitration orders. 9 U.S.C. § 16. Under section 16(a)(3), an appeal may be taken from a "final decision with respect to an arbitration." *Id.* at 16(a)(3). Under section 16(b)(2), an appeal may not be taken from an interlocutory order "directing arbitration to proceed." *Id.* at 16(b)(2). The Ninth Circuit has cautioned that "[c]ourts should be aware that a dismissal renders an order appealable under § 16(a)(3), while the granting of a stay is an unappealable interlocutory order under 16(b) . . . . Unnecessary delay of the arbitral process through appellate review is disfavored." *Bushley v. Credit Suisse First Boston,* 360 F.3d 1149, 1153 (9th Cir. 2004) (internal quotations omitted).

DivX raises its argument that the Court should have stayed the action pending appeal instead of dismissing the action for the first time in the Motion for Advisory Opinion. Gericom's appeal will not delay arbitration because the Court has denied Gericom's Motion to Stay pending appeal. The Motion for Advisory Opinion is denied.

## **Conclusion**

IT IS HEREBY ORDERED that the Motion to Stay Enforcement of Judgment Ordering Arbitration Pending Appeal (Doc. # 49) is **DENIED** and the Motion for Advisory Opinion (Doc. # 53) is **DENIED.**

DATED: December 19, 2007

**WILLIAM Q. HAYES**
United States District Judge